REID, Judge.
Plaintiff, McGaw Corporation, brought this suit seeking the sum of $1500.00 with legal interest from judicial demand and cancellation of a certain purchase agreement entered into on February 25, 1962 between plaintiff and defendant, T. E. Odder, *575 on the grounds of false and fraudulent misrepresentation.
Defendant first filed exceptions of no cause and no right of action which were referred to the merits by the Court. Defendant then filed an answer admitting the contract, but denying the indebtedness, and denying the remaining allegations of plaintiff’s petition and especially denying the warranty that the lots would not be subject to overflow. He further alleged he was ready, willing and able to convey the said lots to plaintiff, with good and merchantable title, and that plaintiff refused to take title to same, thereby violating the purchase agreement and forfeiting the sum of $1500.00 which had been put up as earnest money.
The Lower Court rendered judgment in favor of defendant, rejecting plaintiff’s demand and dismissing this suit at its cost.
From this judgment plaintiff prosecutes this appeal.
The contract, which is th.e basis of this suit, is in the following words:
“Feb. 25-62
“McGaw Corp.
In consideration of $1500.00 cash I agree to sell 19 lots 60 x 130 facing College — 12 facing William Tel between Rosa Jacob St. Price $50.00 front foot. Terms 24,000 cash for 8 lots, bal. option 11 lots (illegible) of 5% of 50.00 front good for 1 yr from act of sale. Option good for six weeks from date.
/s/ T. E. Odder
McGaw Corp. — by
/s/ W. R. McGaw, Pres.”
There is nothing mentioned in this contract about any warranty that the lots were good, high lots on which houses could be constructed or that the property was not subject to overflow from heavy rains. However, plaintiff bases his entire suit for the recovery of earnest money and annulment of the agreement on the fact that the defendant made such a warranty and plaintiff soon ascertained that the lots were low, subject to overflow, not fit for the purpose for which he purchased them, namely to build houses or residences thereon, and that the defendant well knew the said lots were in that condition when he made the warranty. There is no question the defendant is entitled to retain the earnest money unless the plaintiff proved his allegation concerning the fraudulent misrepresentation.
The District Judge in his written reasons found as follows:
“In this case, it is contended by the plaintiff that he told Mr. Odder that he did not want to buy the lots if they were subject to flooding, and that Mr. Odder assured him, that the lots did not flood. On the trial of the case it developed that the lots had in fact flooded in the year 1958, in the year 1946, and at some times which were not specifically mentioned by the witnesses. It was further testified, and is undisputed that since certain drainage ditches were dug by the railroad, that the only flooding of the area which occurred was that in 1958. Further according to the testimony in the record, the 1958 flood occurred after a 14-inch rain which flooded the entire City of Slidell with the exception of the site on which the bank stands. Mr. Odder testified that he was not living in Slidell in 1958 and was unaware that the lots had flooded.
“It further developed on the trial of the case, that Mr. McGaw or his corporation, is engaged in the business of constructing houses and it further appeared that this business is to a great extent dependent on the ability to obtain FHA financing for the prospective purchasers thereof. It further developed that all of the lots fell below the minimum elevation required by the FHA for home construction in the Slidell area. Mr. McGaw testified that *576 had he known that the lots had flooded in 1958 he would not have bought them. He further testified, and it is admitted in brief, that the fact that the lots do not meet FHA requirements insofar as their elevation is concerned has nothing to do with the case. Fie stated that he was concerned only with the 1958 flood and that he relied on Mr. Odder’s representation relative thereto. Mr. McGaw testified to many years of experience with the FHA and further testified that he was familiar with flooding conditions in Slidell because of a map prepared by the FFIA which showed the locations of the areas subject to flooding. I gather that it is a regulation of the FHA that areas which are subject to overflow at regular intervals are not suitable for building and will not be given FHA approval.
“Therefore, it would appear that the real question in this case is not whether there was a flood in 1958 but whether the lots in question are subject to overflow. In view of the fact that it was testified to that the entire City of Slidell was flooded after the 14-inch rain in 1958, it is not reasonable to believe that for this reason and for this reason alone an experienced builder would refuse to take title to lots in the City of Slidell. Mr. McGaw himself testified that he had built nineteen homes in Slidell during the past year and it can only be assumed by the Court that these were built with FHA financing available and, in view of the testimony, that they were built on lots which, in 1958, were flooded
“Neither Mr. Sollberger nor any other witness was able to testify that subsequent to that time that the drainage ditches were dug by the railroad there had been any flooding whatsoever of this area with the exception of that in 1958.
“After hearing the witnesses, I am convinced that if Mr. Odder did make any misrepresentation it was innocently made, and was not material. It would appear from the record in this case that the property in question is no more subject to overflow than any other property in the City of Slidell and that the fact that the 1958 flood taken in conjunction with all of the other evidence in this case is not sufficient to enable this Court to hold that the said lots are subject to overflow.”
We can find no error in the Judge’s findings of fact and see no reason to disturb them. Mr. McGaw himself testified he was familiar with the flooding conditions and the fact that there were many-low lots in Slidell. He was a past employee of the FHA and could have very easily checked into the nature of the lots before he signed the contract
For these reasons we are satisfied the judgment of the Lower Court is correct and it is, therefore, affirmed.
Affirmed.